

Order Filed on November 1, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re:<br><br>Unbrin Imran | Case No.:   19-25022<br><br>Chapter:   7<br><br>Hearing Date:<br><br>Judge:   Jerrold N. Poslusny, Jr. |
|---|---|

# ORDER REGARDING REAFFIRMATION AGREEMENT

The relief set forth on the following page, numbered two through three is hereby **ORDERED**.

**DATED: November 1, 2019**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**THIS MATTER** having come before the court by the Notice of Hearing for Approval of Reaffirmation Agreement between Debtor, Unbrin Imran, ("Debtor") and Nationstar Mortgage; and the Debtor appearing by telephone; and the Debtor confirming that his debt with Nationstar Mortgage is a consumer debt secured by a mortgage against his real property located at 323 S. Ash Ave Galloway, NJ 08205; and since 11 U.S.C. section 524(k)(3)(J)(i)(7) provides that no court approval is required for reaffirmation agreements for a consumer debt secured by a mortgage on real property, like a home; and for the reasons set forth on the record; and for good cause shown; it is

**ORDERED** that the court neither approves nor disapproves the Debtor's reaffirmation agreement with with Nationstar Mortgage at this time. This decision, or lack thereof, is without prejudice. In the event the Debtor needs further relief, the Debtor may seek that relief after an appropriate application under 11 U.S.C. section 350.

**IT IS FURTHER ORDERED** that in accordance with D.N.J. LBR 4001-2:

Nationstar Mortgage does not violate the automatic stay imposed by § 362 of the Code or the discharge injunction imposed by § 524 of the Code when it sends any of the following documents to the Debtor and/or any co-obligor or co-owner:

(1)    a regular monthly statement or payment coupon;

(2)    a reminder statement which is informational only and does not demand payment;

(3)    a notice of the status of an escrow account, including a notice regarding calculation of a new monthly payment based on a change in the property tax or insurance premium;

(4)    a notice of an adjustment to a variable rate monthly mortgage payment resulting from a change in the interest rate; or

(5)    any other documentation, information and/or communication that is appropriate to send, or required to be sent, to a non-debtor co-owner and/or co-obligor.

**IT IS FURTHER ORDERED** that nothing herein prevents any co-obligor and/or co-owner and Nationstar Mortgage, its representatives, agents and/or assigns from directly contacting or communicating with each other, including but not limited to, the obligations, payment of the obligation and/or refinancing of the

obligation.

The court reserves the right to revise its findings of fact and conclusions of law.